IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHRISTOPHER MASTERS,           §
(BOP No. 04336-063)            §
VS.                            §    CIVIL ACTION NO.4:06-CV-502-Y
                               §
                               §
UNITED STATES OF AMERICA, et al.§

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff and inmate Christopher Masters's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The live pleadings in this case are Masters's August 21, 2006, complaint, and his May 24, 2007, more definite statement ("MDS"). He has named as defendants in this action the United States of America and FCI--Fort Worth, along with the following four individuals associated with FCI--Fort Worth: Cole Jeter, warden; Paul Celestin, hospital administrator; Hernan Reyes, clinical director; and Dr. Huber, physician. (Compl. Style; § IV(B).) Masters complains of the adequacy of the medical care provided to him to treat a chronic migraine headache condition while he was housed at FCI--Fort Worth. (Compl. at 2-8; § V; MDS at 2-10.) He seeks monetary damages against each defendant and a preliminary injunction directing that he be placed under the care of a neurologist and psychiatrist. (Compl., prayer.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1]  Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2]  Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4]  Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]  After review of the complaint and more definite statement under these standards, the Court concludes that Masters's claims against some of the defendants must be dismissed.

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . .  . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Masters has listed the institution of his confinement, FCI--Fort Worth, as a defendant in this suit. Masters asserts a claim for damages under the Federal Tort Claims Act (FTCA). The FTCA waives the United States's sovereign immunity from tort suits.[6] Because the FTCA provides such a waiver, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States.[7] In order to sue successfully under the FTCA, "a plaintiff must name the United States as the sole defendant."[8] As FCI-Fort Worth is not a proper defendant in a suit under the FTCA, Masters's FTCA claim against it must be dismissed. Masters has also alleged claims for violation of constitutional rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens").*[9] But as a *Bivens* claim is not authorized against a federal agency,[10] Masters may not assert a claim against FCI--Fort Worth under that theory either. Thus, all of

---

[6]*McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998), *citing* 28 U.S.C. § 2674.

[7]*Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991)*citing Lehman v. Nakshian,* 453 U.S. 156, 160 (1981).

[8]*McGuire,* 137 F.3d at 324, *citing Atorie Air, Inc.,* 942 F.2d at 957.

[9]403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials")*, overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

[10]*Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994).

Masters's claims against FCI--Fort Worth must be dismissed.

Masters recites claims of liability under *Bivens* against four individuals: Jeter, Celestin, Reyes and Huber.  From the facts set forth in Masters's complaint and more definite statement, Dr. Huber was directly involved in the determination of treatment and what prescriptions were provided to Masters.  Masters has made factual allegations unique to Huber sufficient to allow service of a *Bivens* claim upon him.

With regard to Masters's allegations against individual defendants Jeter, Celestin, and Reyes regarding the medical care he received while at FCI--Fort Worth, the Court has treated the allegations as claims of a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.[11] Deliberate indifference to a prisoner's serious medical needs has been deemed to amount to cruel and unusual punishment under the Eighth Amendment.[12]  Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[13]  This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the
> Eighth Amendment for denying an inmate humane conditions

---

[11]Masters also recites a claim for violation of his right to due process of law under the Fifth Amendment, and a claim for violation of his right to petition the government for redress of grievances. (MDS at 2-3.)  But as Masters's factual allegations relate only to medical care, he has failed to state any claim under these provisions of the Constitution.

[12]*Estelle v. Gamble,* 429 U.S. 97, 104-106 (1976).

[13]*Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[14]

Consistent with this standard is the recognition that negligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil-rights action.[15]

Masters's allegations do not give rise to a claim of deliberate indifference to his serious medical needs against Jeter, Celestin and Reyes.  Masters contends these persons were involved only in the review of the determination of what course of treatment to provide to him.  Masters complains that these individuals did not follow the recommendation of an outside neurologist with regard to the course of treatment for his headache condition. Such allegation amounts to nothing more than disagreement among physicians on the proper course of care. Such difference of opinion as to the appropriate method of treatment does not amount to deliberate indifference.[16] Likewise, disagreement between an inmate and his physicians as to what medical

---

[14]*Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *see also Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996)(*en banc*), *opinion after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[15]*See Estelle,* 429 U.S. at 106 ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *see also Varnardo v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)(unsuccessful medical treatment, neglect, or medical malpractice do not give rise to a § 1983 cause of action)(citations omitted).

[16]*See generally Snipes v. DeTalla,* 95 F.3d 586, 590 (7th Cir. 1996) (noting that physician disagreement in treatment alone will not support a constitutional violation),*cert. den'd,* 519 U.S. 1126 (1997); and *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.) (plaintiff's showing of nothing more than a 'difference of medical opinion' as to one course of treatment over another insufficient to establish deliberate indifference), *citing Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989), *cert. den'd,* 519 U.S. 1029 (1996).

care is appropriate does not state a claim for Eighth Amendment indifference to medical needs.[17] Any deficiency in the determination of the treatment of Plaintiff by Jeter, Celestin, and Reyes does not approach the deliberate-indifference standard.[18]   As a result, Masters's claims against individual defendants Cole Jeter, Paul Celestin, and Hernan Reyes must be dismissed under 28 U.S.C. § 1915A(b)(1) and under 1915(e)(2)(B)(i).

Masters included within his pleadings a request for a preliminary injunction. In order to secure a preliminary injunction, the movant has the burden of proving four elements:

> (1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not issued; (3) the threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) the injunction will not disserve the public interest.[19]

Masters has not attempted to satisfy these elements, and the Court determines that he has failed to establish them. Therefore, Masters's request for a preliminary injunction is DENIED.

---

[17]*See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997)(affirming the dismissal of suit as frivolous where prisoner claimed medical personnel should have tried different methods of diagnosis and treatment); *see also Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995), *citing Varnado,* 920 F.2d at 321; *see also Street V. Corrections Corp. of America,* 102 F.3d 810, 816 n.13 (6th Cir. 1996)(patient's disagreement with his physicians over the proper medical treatment alleges nothing more than a medical-malpractice claim, and is not cognizable as a constitutional claim.)

[18]*See generally Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir.)(doctor's failure to discover inmate's ulcer, failure to read nurses's notes regarding inmate's incontinence problems, or to ensure that orders were carried out, might constitute negligence, but not deliberate indifference), *cert. den'd,* 528 U.S. 906 (1999).

[19]*See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 363 (5th Cir. 2003).

All of plaintiff Christopher Masters's claims against Cole Jeter, Paul Celestin, Hernan Reyes, and FCI--Fort Worth are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED July 11, 2007.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE